IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00199-BNB

RAJOVA B. THOMAS,

    Applicant,

v.

SUSAN JONES, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 23 2011

GREGORY C. LANGHAM
                CLERK

## ORDER OF DISMISSAL

Applicant, Rajova B. Thomas, is a prisoner in the custody of the Colorado Department of Corrections and is currently incarcerated at the Colorado State Penitentiary in Cañon City, Colorado. He initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Mr. Thomas has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons stated below, the Court will deny the Application and dismiss the action.

### I. Background

Mr. Thomas was convicted by a jury of first degree murder in El Paso County District Court Case No. 06CR2908. Application at 1. He was sentenced to life imprisonment without parole on June 22, 2007. *Id.* at 2; Pre-Answer Resp. Ex. A at 2.

The Colorado Court of Appeals affirmed his conviction and sentence on direct appeal. *People v. Thomas*, Case No. 07CA1508 (Colo. Ct. App. Oct. 8, 2009)

(unpublished opinion), Pre-Answer Resp. Ex. 2. The Colorado Supreme Court denied certiorari review on February 8, 2010. *Id.* at Ex. 3.

Mr. Thomas filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in this Court on January 26, 2011. On February 3, 2011, Magistrate Judge Boyd N. Boland reviewed the Application and directed the Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b). Respondents submitted a pre-answer response on February 22, 2011. Mr. Thomas was granted twenty-one days to file a reply.

In the Application, Mr. Thomas asserts that his due process rights to a fair trial and to an impartial jury were violated when the state trial court denied his motion for a new trial based on juror misconduct without affording him an evidentiary hearing. The motion asserted that after trial, some of the jurors told defense counsel and the prosecutor that one of the jurors, a dentist, opined in jury deliberations that the victim did not have periodontal disease, which would have caused the victim's teeth to fall out easier and with less force. Defense counsel further states in the motion that the jurors relied on the dentist's outside expertise in reaching their verdict instead of the expert testimony presented at trial on the issue. *See generally* Application at 6a-6c; Pre-Answer Resp. Ex. 2 at 3-4.

Respondents concede, and the Court finds, that the Application is timely under the one-year limitation period set forth in 28 U.S.C. § 2244(d). Respondents argue, however, that Mr. Thomas failed to exhaust his claim as a federal constitutional claim in

the state courts and that the claim is now procedurally barred from federal habeas review.

## II. Exhaustion and Procedural Default

A person in custody pursuant to the judgment of a state court must exhaust state remedies before he may seek federal habeas corpus relief. 28 U.S.C. § 2254(b)(1). Mr. Thomas must therefore have "fairly presented]" his federal claim to the state courts. *Picard v. Connor*, 404 U.S. 270, 275 (1971); see also *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002). The exhaustion requirement is satisfied once the federal issue has been properly presented to the highest state court. *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. See *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

The "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard*, 404 U.S. at 278 (1971); see also *Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings

3

in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

If a habeas petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default. . . . ." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). A procedural default may be overcome only if the petitioner shows cause for the default and actual prejudice as a result of the federal violation, or demonstrates that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *see also Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted).

Upon review of Mr. Thomas's opening brief on direct appeal of his conviction, the Court agrees that he failed to present his claim as a federal constitutional issue to the state courts. In the appeal, Mr. Thomas cited only to Colorado state cases applicable to his claim. *See* Pre-Answer Resp. Ex. 5, at 11-30. Mr. Thomas did not cite to any specific provision of the federal Constitution, he did not cite to any federal case law or statute, and he did not label the claim as a "federal" claim. *See Baldwin v. Reese*, 541 U.S. 27, 32-33 (2004). Mr. Thomas failed to set forth any argument that would have alerted the state court to particularized violations of his federal constitutional rights such as the issues he raises in this Court. Moreover, the appellate court did not recognize or treat Mr. Thomas's claim as raising any federal constitutional question. Pre-Answer Resp. Ex. 2 at 3-8. By contrast, Mr. Thomas did invoke his "constitutional rights to due process of law, a fair trial, a reliable verdict and fundamental fairness,"

4

under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, *id.*, Ex. 5 at 33, in arguing to the state appellate court that the trial court committed reversible error by allowing the admission at trial of a large number of "gruesome and excessively inflammatory photographs." *Id.* at 30. However, Mr. Thomas does not present that claim in his federal Application.

In order to allow the state courts the opportunity to act on or correct the constitutional violations Mr. Thomas alleges, he must do more than assert that state court rulings were improper, erroneous or prejudicial. Instead, he must provide legal theory explaining how the decisions of the state court violated the particular federal constitutional rights he claims were violated. **See, e.g., Anderson**, 459 U.S. at 7 (claim on direct appeal that jury instruction was "erroneous" did not fairly present due process challenge to instruction for habeas exhaustion purposes); **Picard**, 404 U.S. at 276-77 (holding that habeas petitioner failed to fairly present federal claim to state court where, despite presenting all necessary facts, petitioner failed to assert specific argument that he later tried to raise in federal court); **see also Thomas v. Gibson**, 218 F.3d 1213, 1221 n. 6 (10th Cir. 2000) (holding that petitioner's general state court claim was insufficient to exhaust his later, more specific federal habeas claim). Accordingly, the Court finds that Mr. Thomas failed to exhaust state court remedies for his claim because he did not alert the Colorado Court of Appeals to the federal constitutional nature of his claim on direct appeal.

With limited exceptions that are not applicable here, the Colorado Rules of Criminal Procedure bar Mr. Thomas from raising a claim in a state post-conviction

5

motion that was already raised on direct appeal. *See* Colo. R. Crim. P. 35(c)(3)(VI) ("The court shall deny any claim that was raised and resolved in a prior appeal or postconviction proceeding on behalf of the same defendant"); Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought"); **see also People v. Bastardo**, 646 P.2d 382, 383 (Colo. 1982) (stating that post-conviction review is not available to address under a recently contrived constitutional theory issues that were raised previously); **People v. Rodriguez**, 914 P.2d 230, 249 (Colo. 1996) (same). Therefore, the Court finds that Mr. Thomas has procedurally defaulted his claim.

Moreover, Mr. Thomas fails to show cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that the failure to consider his claim will result in a fundamental miscarriage of justice. Mr. Thomas's pro se status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. **See Lepiscopo v. Tansy**, 38 F .3d 1128, 1130 (10th Cir. 1994). The Court finds that Mr. Thomas is procedurally barred from raising his claim in a federal habeas action. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is denied and the action is dismissed with prejudice as procedurally defaulted. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing that jurists of reason would find it

debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit.

DATED at Denver, Colorado, this  23rd  day of     March      , 2011.

BY THE COURT:

    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-CV-00199-BNB

Rajova B Thomas
Prisoner No. 104698
Colorado State Penitentiary
PO Box 777
Canon City, CO 81215

I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on March 23, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk